UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RYAN-MYKAL S. BACON,

                              Plaintiff,

              -against-

BRETT REED; JOHNATHAN JONES,

                              Defendants.

20-CV-5993 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated in the Sullivan Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his freedom of religion. By order dated April 6, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] For the reasons set forth in this order, the Court dismisses this action, but grants Plaintiff sixty days' leave to replead.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

_____

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Ryan-Mykal Bacon, who is currently incarcerated in Sullivan Correctional Facility, brings this complaint against correction officer Brett Reed and against Johnathan Jones, who is incarcerated in the same facility. Plaintiff alleges that on May 5, 2020, Defendant Reed gave Plaintiff's Rastafarian meal to Defendant Jones, who is Jewish. Plaintiff asserts that Defendant Reed "has harassed me in the past He constantly messes with me." (ECF No. 2 at 5.)

Plaintiff seeks monetary damages in the amount of $3 million and he also requests that Defendant Reed be fired or transferred to another prison.

## DISCUSSION

### A. Incarcerated Defendant

As an initial matter, Plaintiff's claim against Johnathan Jones, who is also incarcerated in Sullivan Correctional Facility, must be dismissed. A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Because Defendant Johnathan Jones is a private party who is only alleged to have received Plaintiff's meal and who is not alleged to have done so in connection with work for any state or other government body, Plaintiff has not stated a claim against this Defendant under § 1983.

Plaintiff's claim against Johnathan Jones is therefore dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Freedom of Religion Claim

Because Plaintiff alleges that Defendant Reed violated his freedom of religion, the Court construes Plaintiff's claim as arising under the Free Exercise Clause of the First Amendment and under the Religious Land Use and Institutionalized Person Act ("RLUIPA").

#### 1. Free Exercise Claim

"A prison inmate . . . retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system."

*Shakur v. Selsky*, 391 F.3d 106, 113 (2d Cir. 2004) (quoting *Giano v. Senkowski,* 54 F.3d 1050, 1053 (2d Cir.1995)). Those rights include "some measure of the constitutional protection afforded by the First Amendment's Free Exercise Clause," *Ford v. McGinnis,* 352 F.3d 582. 588 (2d Cir. 2003), such as the right to observe a religious diet, *McEachin v. McGuinnis,* 357 F.3d 197, 204 (2d Cir.2004), or attend religious services, *Young v. Coughlin,* 866 F.2d 567, 570 (2d Cir. 1989).

At the pleading stage, the question is simply whether the plaintiff has alleged facts showing that "defendants significantly interfered with [plaintiff's right to exercise his] religious beliefs." *McEachin v. McGuinnis,* 357 F.3d 197, 2003 (2d Cir. 2004); *Jones v. Goord*, 435 F. Supp. 2d 221, 256-57 (S.D.N.Y. 2006) (Lynch, *J.*) (noting that in this Circuit, "a claim of 'significant[ ] interfere[nce] with . . . religious beliefs' is sufficient to state a constitutional claim." (quoting *McEachin,* 357 F.3d at 203) (alteration in original)).[2]

2.      RLUIPA Claim

RLUIPA "protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion."[3] *Cutter v. Wilkinson*, 544 U.S. 709, 721 (2005); *see* 42 U.S.C. § 2000cc-1(a) ("No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that

---

[2] There may, however, "be inconveniences so trivial that they are most properly ignored." *McEachin*, 357 F.3d at 203 n.6.

[3] RLUIPA's protections apply to persons held in, among other locations, a municipal "jail, prison, or other correctional facility," or in a municipal "pretrial detention facility." 42 U.S.C. § 1997(1)(A), (B)(ii), (iii); *see* 42 U.S.C. § 2000cc-1(a) (incorporating § 1997's definition of "institution" for the purpose of RLUIPA).

person – (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest."). Under RLUIPA, the government may not "substantial[ly] burden" an institutionalized person's religious exercise unless the burden furthers a compelling governmental interest by the least restrictive means. *Jova v. Smith*, 582 F.3d 410, 415 (2d Cir. 2009). RLUIPA provides institutionalized persons with "greater protection" to exercise their religious beliefs than the First Amendment. *Holt v. Hobbs*, 135 S. Ct. 853, 862 (2015) ("RLUIPA's 'substantial burden' inquiry asks whether the government has substantially burdened religious exercise . . ., not whether the RLUIPA claimant is able to engage in other forms of religious exercise.").

Plaintiff does not allege that Defendant Reed significantly interfered with Plaintiff's right to exercise his religious beliefs. Plaintiff's allegations thus fail to state a claim that Defendant deprived him of his rights under the Free Exercise Clause of the First Amendment. The Court therefore grants Plaintiff leave to replead to allege any facts supporting a Free Exercise claim in an amended complaint.

If Plaintiff amends his complaint and seeks to also state a claim under RLUIPA, he must name as a defendant the appropriate government entity and allege facts suggesting that the defendant "substantially burdened" his right to exercise his religious beliefs.[4] "A substantial burden is more than a mere inconvenience but rather involves, for example, a situation where an

---

[4] Plaintiff cannot assert his RLUIPA claim against Defendant Reed because RLUIPA does not provide for individual capacity suits. *Washington v. Gonyea*, 731 F.3d 143, 145-46 (2d Cir. 2013) (citing *Sossaman v. Texas*, 563 U.S. 277 (2011); *Holland v. Goord*, 758 F.3d 215, 224 ("RLUIPA does not authorize claims for monetary damages against state officers in either their official or individual capacities."). Individual capacity suits are not available under RLUIPA "because the [RLUIPA] legislation was enacted pursuant to Congress' spending power . . . , which allows the imposition of conditions, such as individual liability, only on those parties actually receiving the [ ] funds." *Washington*, 731 F.3d at 145.

adherent is forced to modify his behavior and violate his beliefs." *Gill v. Defrank*, No. 98-CV-7851 (NRB), 2000 WL 897152, at *1 (S.D.N.Y. July 6, 2000) *aff'd*, 8 F. App'x 35 (2d Cir. 2001) (internal citation omitted); *accord Lloyd v. City of New York*, 43 F. Supp. 3d 254, 263 (S.D.N.Y. 2014).

## C.    Harassment Claim

Plaintiff's allegations that Defendant Reed has harassed him in the past and "constantly messes with him" fails to state a claim. Verbal abuse, threats, and intimidation, standing alone, without injury or damage, do not amount to a constitutional deprivation. *See Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (name-calling without "any appreciable injury" is not a constitutional violation); *Jean-Laurent v. Wilkerson*, 438 F. Supp. 2d 318, 325 (S.D.N.Y. 2006) ("verbal intimidation does not rise to the level of a constitutional violation"); *Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) ("verbal harassment or profanity alone, 'unaccompanied by any injury no matter how inappropriate, unprofessional or reprehensible it might seem,' does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S. C. § 1983") (citation omitted).

While such conduct by corrections staff is abhorrent, verbal harassment alone does not give rise to a constitutional violation under § 1983.

## D.    Leave to Replead

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Although it does not appear that Plaintiff can state a claim under the Free Exercise Clause of the First Amendment or RLUIPA, in an abundance of caution, the Court grants Plaintiff sixty days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to include additional facts in support of his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

**CONCLUSION**

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is instructed to hold this matter open on the docket until a civil judgment is entered.

The Court grants Plaintiff sixty days' leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-5993 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will enter a civil judgment consistent with this order and direct the Clerk of Court to terminate this matter.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    June 1, 2021
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
            (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                              State                Zip Code

_____

Telephone Number                    Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

| | |
|---|---|
| First Name | Last Name |

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:

| | |
|---|---|
| First Name | Last Name |

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 3:

| | |
|---|---|
| First Name | Last Name |

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 4: _____

             First Name           Last Name

             _____

             Current Job Title (or other identifying information)

             _____

             Current Work Address (or other address where defendant may be served)

             _____

             County, City         State        Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.